## Commonwealth v. Podkaliski

*Joseph A. Dague*, District Attorney, for Commonwealth.

*Richard M. Sharp*, for defendant.

BELL, P. J., May 16, 1950.—On November 23, 1949, the Pennsylvania State police charged defendant with incorrectly stating his age to obtain a learner's permit on February 4, 1936, in violation of section 620(*j*) of The Vehicle Code of May 1, 1929, P. L. 905.

The Vehicle Code provides that a person will be granted a learner's permit when 16 years of age, if accompanied by affidavit of consent of the parent or person in position of loco parentis, and that every such application shall be sworn to, state the name, sex, age and bona fide residence of the applicant. See section 606 of The Vehicle Code, supra, and supplements. Section 620 has been amended several times; subdivision (j) making it unlawful "to use a false or fictitious name, or give a false or fictitious address, in any application or form required under the provisions of this

Act, or make a false statement, or conceal a material fact, or otherwise commit a fraud in any application."

The penalty for subdivision (j) was changed in 1939, to pay a fine of $100 and in default thereof, imprisonment not to exceed 20 days. We are informed that a suspension of operating privileges usually follows such violation.

We note that the misstatement is alleged to have been made on February 4, 1936. Section 1201 of the original act has been amended several times; the last amendment being section 30 of the Act of May 18, 1949, P. L. 1412, 75 PS §731, covering the limitation of actions, requires actions generally to be brought within 15 days after the offense; excepting further "that informations charging violations of sections (naming a number, among which is 620 (j) may be brought within fifteen (15) days after it is discovered that a violation of any of these sections has been committed."

The testimony indicates that this was discovered November 11, 1949, prosecution was instituted within 15 days, and was not barred by the statute of limitations. At the trial we insisted that defendant let us see a birth certificate in the file, which shows that Michael Podkaliski was born March 29, 1921; so on February 4, 1936, he lacked being the age of 16, by a little less than two months. The justice of the peace who took the application, testified that the boy and his mother appeared before him and swore to the age. Defendant testified he quit school about the same time; his parents got him working papers, he was told he was born March 29, 1919, when they got the papers, and that was the date he swore to on the papers presented to Squire Gill, which papers his mother also had to notarize; and that he didn't discover any error until he was in the draft, got his Army discharge and saw it was marked March 29, 1921, instead of March 29, 1919; that his mother could not read or write; that

they never celebrated birthdays in his family, and he assumed his mother was telling the truth when they took him out of school, put him to work, and got him a license to operate a motor vehicle. It wasn't until after this prosecution was filed that he had his counsel check with the bureau of vital statistics and get a copy of his original birth certificate.

We understand defendant had a number of violations, particularly in 1936, four in 1938, two in 1939 and two in 1940, after which there was only one in 1943 and one in 1948. He is now married, has several children, and makes a living hauling coal with the truck which he owns.

The Vehicle Code says it is unlawful for anyone to make any false statements in an application or conceal a material fact or otherwise commit fraud. We do not find that this defendant committed any fraud, nor can we believe that anyone could be guilty of violation of a criminal act in the making of a false statement if the party honestly believed the statement to be correct at the time it was made and subsequently found it to be incorrect. It must be kept in mind that defendant did not lie about his age or address, and gave the exact month and day of his birth, but gave the year 1919 instead of 1921. It must also be kept in mind that defendant at that time was under 16 years of age and a juvenile under the laws of Pennsylvania then in force and effect. While we do not believe any defendant could be guilty in making an honest mistake, this defendant being a juvenile, could not be guilty of violation of The Vehicle Code, under the decisions in Pennsylvania covering juveniles. We, therefore, find a verdict in favor of defendant and will make the following

### Order

Now, May 16, 1950, after hearing in the above-entitled case, we find defendant not guilty of making a false statement on February 4, 1936. At that time he

was 15 years of age, and he relied upon his mother's affidavit as to his age. The only error is the year of birth, and there is no evidence that defendant knew the year to be in error until he entered the service. Verdict is accordingly entered for defendant. Clearfield County is directed to pay the costs.